J-A28034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN FERGUSON | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | | |
| v. | | |
| LINDA J. STENGLE, ESQUIRE, INDIVIDUALLY, STENGLE LAW, THE ARRAS GROUPS, INC., AND ROBERT MADSEN | | |
| Appellee | | No. 3623 EDA 2016 |

Appeal from the Order October 12, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 150302491

BEFORE:  GANTMAN, P.J., PANELLA, J., and DUBOW, J.

DISSENTING STATEMENT BY PANELLA, J.:          **FILED JANUARY 19, 2018**

I agree with my esteemed colleagues in the Majority that Appellant's complaint would be properly transferred to Montgomery County if we were constrained to considering whether Linda Stengle, Esquire, "regularly conducted business" in Philadelphia. However, it is undisputed Attorney Stengle represented Ferguson even after October 2011, when she left the Firm to found Stengle Law. **See** N.T., Deposition of Linda Stengle, 4/26/16, at 12; Affidavit of Linda Stengle, 3/29/16, at ¶ 14. Attorney Stengle did not have an independent retainer agreement with Ferguson. **See** N.T., Deposition of Linda Stengle, 4/26/16, at 75; Affidavit of Linda Stengle at ¶ 14. Rather, she had a fee agreement with the Firm that included representation of Ferguson. **See**

N.T., Deposition of Linda Stengle, 4/26/16, at 22-23; Affidavit of Linda Stengle at ¶ 14.

It is also undisputed that this retention agreement contained a forum selection clause that was intended to mandate that any "dispute[s] between Clients and Counsel" be heard in Philadelphia. N.T., Deposition of Linda Stengle, 4/26/16, at 80. Thus, the contract governing Attorney Stengle's representation of Ferguson requires this dispute be heard in Philadelphia.

It is true this forum selection clause requires arbitration of the claim. Thus, Ferguson may be required to submit his claims to binding arbitration. However, that issue is not properly before us. Nor does the ultimate resolution of that issue change the fact that the proper *judicial* venue for resolution of whether the claims must be arbitrated is Philadelphia.

Furthermore, I conclude Ferguson's brief sufficiently presented this issue for our review. He argues the retention agreement requires this dispute be heard in Philadelphia. ***See*** Appellant's Brief, at 12. And he then cites to the Rules of Civil Procedure as authority for his argument. ***See id***.

While his argument is inartful, I conclude its deficiencies do not rise to the level of waiver. Thus, I respectfully dissent.